UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY B. LUTHER,

    Petitioner,

v.

BEN CURRY, warden,

    Respondent.

No. C 07-4214 MHP (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Gary B. Luther, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Luther was convicted in Kern County Superior Court of second degree murder and was sentenced in 1991 to a term of 15 years to life in prison plus 3 years. His petition does not challenge his conviction but instead challenges a January 10, 2006 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Luther alleges that he filed habeas petitions in state courts, including the California Supreme Court, before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1 A district court considering an application for a writ of habeas corpus shall "award the writ or
2 issue an order directing the respondent to show cause why the writ should not be granted,
3 unless it appears from the application that the applicant or person detained is not entitled
4 thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in
5 the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See
6 Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

7 Luther alleges in his petition that the BPH's decision violated his right to due process
8 because it was not supported by some evidence. Although he has broken his argument into
9 multiple claims in his petition, they all concern the sufficiency of the evidence to support the
10 decision – e.g., he contends he has a protected liberty interest in parole, there is a
11 predetermined outcome of some evidence, there is improper reliance on the unchanging
12 factors, and there is improper application of other criteria for parole suitable. Liberally
13 construed, the allegations state a cognizable claim for a due process violation based on the
14 sufficiency of the evidence. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v.
15 California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

16 Luther alleges that his right to equal protection of the laws has been violated. He
17 argues that he was treated differently from a foreign national who was transferred to custody
18 of the government of Sweden to serve a fixed term under a settlement agreement in a habeas
19 action. See Petition, pp. 22-25. He alleges that he is being treated differently because he
20 cannot be transferred to another country. The allegations do not state a claim for relief for an
21 equal protection violation. Luther has not alleged that all non-citizens are receiving fixed
22 terms, but only that one inmate with an indeterminate sentence who filed a habeas action
23 reached a settlement that allowed his transfer to his home country to serve a fixed term. The
24 petition and exhibits thereto plainly show that Luther is not similarly situated to the other
25 inmate he claims has received more favorable treatment: the most obvious difference is that
26 the other inmate had prevailed on his petition for writ of habeas corpus in state superior court
27 and the inmate was transferred to Sweden pursuant to a settlement agreement as a
28

2

compromise of that habeas action. See Petition, Exh. H, pp. 1-2. The equal protection claim is dismissed.

Luther devoted much of his very long-winded petition arguing about California law. The federal writ of habeas corpus is only available for a violation of the Constitution, laws or treaties of the United States. The state law claims are dismissed.

## CONCLUSION

For the foregoing reasons,

1. The petition's due process claim warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **November 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **December 28, 2007**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: September 20, 2007

_____
Marilyn Hall Patel
United States District Judge

3