1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5741
    Fax: (415) 703-5843
8   Email: Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent Board of Parole Hearings

10

11             IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

| | |
|---|---|
| **GARY B. LUTHER,** | C07-4214 MHP |
| Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **BEN CURRY, Warden,** | Judge:       The Honorable Marilyn H. Patel |
| Respondent. | |

## INTRODUCTION

Gary B. Luther is a California state inmate at the Correctional Training Facility, proceeding pro se in this habeas corpus action. Petitioner alleges that the Board of Parole Hearings unconstitutionally denied him parole at his 2006 parole consideration hearing. Because Petitioner fails to prove that the state court decisions denying relief are contrary to, or an unreasonable application of, clearly established federal law, or that the decisions involved an unreasonable determination of the facts, his disagreement with the Board's parole denial does not entitle him to a writ of habeas corpus and his petition should be denied.

On September 21, 2007, this Court issued an order to show cause liberally construing the

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                                    *Luther v. Curry*
                                                                                              C07-4214 MHP

petition as stating a cognizable claim for a due process violation based on the sufficiency of the evidence. This Court dismissed Petitioner's equal protection and state law claims. Respondent Ben Curry, Warden, answers as follows:

## ANSWER TO THE ORDER TO SHOW CAUSE

In response to the petition for writ of habeas corpus filed on August 16, 2007, Respondent hereby admits, denies, and alleges the following:

1. Petitioner is in the lawful custody of the California Department of Corrections and Rehabilitation after being convicted of second degree murder with a firearm use enhancement. (Ex. A, Abstract of Judgment.) He is currently serving an indeterminate sentence of eighteen years to life. (*Id.*) Petitioner does not challenge his underlying conviction in the current proceeding.

2. Respondent affirmatively alleges that Petitioner and his girlfriend, Tesha Hill, lived at Petitioner's residence. (Ex. B, Decision, Court of Appeal of the State of California, Fifth Appellate District, No. F016005 at 2.) During that time, the future victim Jimmy Obert, was friends with the couple and would visit them at their home. (*Id.*)

3. Respondent affirmatively alleges that after Petitioner and Hill's relationship ended, Hill moved out of Petitioner's apartment and Petitioner began accusing Obert of having a relationship with her. (Ex. B at 2.) Plagued by jealousy, Petitioner stated on multiple occasions that Obert would pay for breaking up his relationship with Hill. (Ex. B at 3-4.)

4. Respondent affirmatively alleges that on December 24, 1990, Petitioner left his house to buy some marijuana. (Ex. C, Life Prisoner Evaluation Report 2001 at 2.) He stopped at a liquor store, bought a pint of peppermint schnapps, and then drove to a friend's house where he smoked a joint. (*Id.*)

5. Respondent affirmatively alleges that Petitioner returned home and was lying on his bed when Obert entered his bedroom. (Ex. C at 2; Ex. D, Probation Officer's Report, at 8.) Petitioner believed Obert was possibly there to collect $200 he owed Obert after purchasing methamphetamines from him. (Ex. C at 2.)

6. Respondent affirmatively alleges that Petitioner grabbed his gun and told Obert to get

1  out of his house. (Ex. C at 1-2; Ex. D at 6-7.) Petitioner stated that he slapped Obert with the
2  gun in his hand, but was allegedly unaware that it had discharged. (*Id.*) After shooting him,
3  Obert fell to the floor. (Ex. D at 7.)

4      7.    Respondent affirmatively alleges that Petitioner then unloaded the gun, put the shells in
5  a flower pot by the back door, and put the gun on the patio. (Ex. C at 1; Ex. D at 9.) Sheriff's
6  deputies retrieved the ammunition and gun from Petitioner's home and also found a tee-shirt with
7  blood stains and an empty bottle of peppermint schnapps. (Ex. D at 9.)

8      8.    Respondent affirmatively alleges that Obert died due to a gunshot wound to the head
9  which entered the back of his neck on the right side, above the hairline. (Ex. B at 5; Ex. C at 2.)
10 Obert also suffered three other blunt force traumas: one on the right side of his face, another on
11 the left side of his face, and the third to his left eye. (*Id.*) The gunshot left no residue or
12 tattooing on Obert's body which would have resulted if the gun had been fired from a very close
13 distance. (Ex. B at 5.) The ballistics experts testified at trial that the fatal shot was fired into the
14 back of Obert's neck from more than one foot away. (*Ibid.*)

15     9.    Respondent affirmatively alleges that Petitioner's criminal history includes two
16 convictions for drunk driving. (Ex. C at 4.)

17     10.    Respondent admits that on January 10, 2006, the Board found Petitioner unsuitable for
18 parole. (Ex. E, Subsequent Parole Consideration Hearing at 46-53.) The Board based its
19 decision on: (a) the fact that Obert's murder was carried out in an especially cruel manner,
20 demonstrating an exceptionally callous disregard for human suffering, in that Obert was found to
21 have sustained a gunshot wound and three blunt force trauma wounds to the head; (b) the motive
22 for the crime was trivial — Petitioner owed a drug dealer money; (c) Petitioner's unstable social
23 history based on Petitioner's alcohol and drug use and his limited programming regarding his
24 involvement with drugs and alcohol; (d) Petitioner's failure to sufficiently participate in self-help
25 programs to face, discuss, understand, and cope with stress in a non-destructive manner. (Ex. E
26 at 8-13, 26-34, 46-53.)

27     11.    Respondent admits that the Kern County Superior Court provided a two-page reasoned
28 decision denying Petitioner's petition for writ of habeas corpus on August 10, 2006. (Ex. F,

1  Superior Court Pet. & Denial.)[1/] First, the court found that the Board's decision denying
2  Petitioner parole based on the commitment offense was supported by some evidence. The trial
3  court based its opinion on the Board's conclusion that Petitioner's offense was carried out in an
4  especially cruel manner, demonstrating an exceptionally callous disregard for human suffering
5  because Obert was found to have sustained a gunshot wound to the head and three blunt force
6  trauma wounds. (Ex. F at 1-2.) Second, the court also noted that Petitioner's motive for the
7  crime was very trivial in relation to the offense: he was concerned with owing a drug dealer
8  money. (Ex. F at 2.) Third, the court found that the Board's finding of an unstable social history
9  was supported by Petitioner's drug and alcohol use and that Petitioner had only programmed in a
10 limited manner concerning his involvement with drugs and alcohol. (*Id.*) Finally, the court
11 noted that the Board concluded that Petitioner needed additional self-help therapy to discuss,
12 understand, and cope with stress in a non-destructive manner. (*Id.*) Accordingly, the court found
13 that there was some evidence supporting the Board's decision denying parole. (Ex. F.)

14   12. Respondent admits that the California Court of Appeal denied Petitioner's petition for
15 writ of habeas corpus on January 10, 2007. (Ex. G, Appellate Court Pet. & Denial.)

16   13. Respondent admits that the California Supreme Court denied Petitioner's request for
17 review on July 18, 2007. (Ex. H, Supreme Court Pet. & Denial.)

18   14. Respondent admits that Petitioner has exhausted his state court remedies regarding his
19 allegations that he has a protected liberty interest in parole; that there is a predetermined outcome
20 of some evidence; that the Board improperly relied on static factors in finding him unsuitable for
21 parole; and the Board improperly applied California's parole suitability criteria.[2/] (*See generally*,

---

   1. To avoid repetition and unnecessary volume, the exhibits attached to Petitioner's state court petitions have been removed. Respondent will provide these documents upon the Court's request.

   2. Respondent interprets Petitioner's allegations as challenging the sufficiency of the evidence. Petitioner makes additional state law claims in his federal petition challenging the proper standard of judicial review to evaluate the Board's parole suitability determinations; the Board's application of California's parole suitability criteria; the Board's application and use of California's sentencing matrices; the constitutionality of California's parole suitability criteria under California Penal Code § 3041, subd. (b); and the Board's refusal to acknowledge Petitioner's right not to

1  Pet'n.; Exs. F-H.)[3/]  However, Respondent denies that Petitioner has exhausted his claims to the extent that they are more broadly interpreted to encompass any systematic issues beyond this particular review of parole denial.

15.  Respondent denies that the state courts' denial of habeas corpus relief was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law, or that the denial was based on an unreasonable interpretation of facts in light of the evidence presented. Petitioner therefore fails to make a case for relief under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254.

16.  Respondent denies that Petitioner has a federally protected liberty interest in parole; hence, Petitioner fails to assert a basis for federal jurisdiction. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates parole before a suitability finding); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no federal liberty interest in parole because serving a contemplated sentence does not create an atypical or significant hardship compared with ordinary prison life); *contra Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) (holding that California inmates have a federally protected liberty interest in a parole).

17.  If Petitioner has a federally protected liberty interest in parole, Respondent affirmatively alleges that Petitioner had an opportunity to present his case to the Board, and that the Board provided him with a detailed explanation as to why he was denied parole. (Ex. F.) Thus, Petitioner received all process due under *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979), the only clearly established United States Supreme

---

discuss the commitment offense or admit guilt under California Penal Code § 5011. (*See generally*, Pet'n.) However, because this Court dismissed Petitioner's state law claims, Respondent will not address these claims.

3.  Petitioner alleges other allegations throughout his state court petitions. However, Petitioner failed to assert these claims in his federal petition and, thus, Respondent will not address them.

1 | Court law regarding the due process rights of inmates at parole consideration hearings.

2 |     18. Respondent denies that this Court must review Petitioner's parole denial under the some-evidence standard. In *Carey v. Musladin*, __ U.S. __, 127 S. Ct. 649, 654 (2006), the United States Supreme Court emphasized that under AEDPA, only Supreme Court holdings regarding the specific issue presented may be used to overturn valid state court decisions. As no clearly established federal law provides that a parole denial must be supported by some evidence, this Court need not review the current matter under the some-evidence standard.

    19. Respondent affirmatively alleges that if the some-evidence standard does apply to federal review of parole denials, the proper standard is that found in *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), which requires that only a "modicum of evidence" support the Board's decision to deny parole. Respondent affirmatively alleges that under this standard, some evidence supports the Board's parole denial. Respondent denies that the proper standard of judicial review is whether a preponderance of the evidence supports the Board's denial of parole.

    20. Respondent denies that this Court must make an independent determination of whether Petitioner currently poses an unreasonable risk of danger to society in order to uphold the state court decisions denying parole.

    21. Respondent affirmatively alleges that the state courts properly used the some-evidence standard to evaluate the Board's decision. *Dannenberg*, 34 Cal. 4th at 1071. Respondent affirmatively alleges that the correct application of the some-evidence test is whether some evidence in the record supports the factual basis for the Board's parole denial. Thus, Respondent denies that California state courts are required to make an independent determination of whether Petitioner currently poses an unreasonable risk of danger to society or that the proper standard of judicial review is whether a preponderance of the evidence supports the Board's denial of parole.

    22. Respondent affirmatively alleges that the Board considered all relevant and reliable evidence before it and, after properly applying California's parole suitability criteria, made an individualized determination to deny Petitioner parole. (Exs. E-F.) Thus, Respondent denies that the Board has a predetermined policy of denying parole or otherwise systematically denies parole to all life-term inmates.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Luther v. Curry*
C07-4214 MHP

23. Respondent affirmatively alleges that the Board properly considered the gravity of Petitioner's commitment offense, as required under California Penal Code section 3041(b). (*See also* Ex. F.) Moreover, the California Supreme Court held in *Dannenberg* that the Board may rely solely on the circumstances of the commitment offense in denying parole. 34 Cal.4th at 1094. Respondent denies that the Board's reliance on the commitment offense to deny Petitioner parole violates his due process rights. *Sass*, 461 F.3d at 1129; *Irons v. Carey*, ___ F.3d ___, 2007 WL 2027359 (9th Cir. July 13, 2007).

24. Respondent denies that the Board was required to parole Petitioner based on the statutory language of Penal Code section 3041 or the Board's base term matrices. *Dannenberg*, *supra*, 34 Cal.4th at 1098. The Board need not consider its regulatory sentencing matrices until Petitioner is found suitable for parole. (*Id.* at 1082-1083, 1098.) Respondent further denies that Petitioner has served a term beyond that contemplated by his sentence, which carries a maximum term of life imprisonment.

25. Respondent denies that the Board cannot find an inmate suitable for parole without first conducting a proportionality review regarding the length of the inmate's incarceration and an inter-case comparative review between the inmate's offense and similar offenses committed by other inmates when determining whether an inmate is suitable for parole. *Dannenberg*, supra, 34 Cal.4th at 1098.

26. Respondent denies that Petitioner maintains a clearly established federal right to prevent the Board from requiring an admission of guilt or requiring Petitioner to discuss the commitment offense when setting a parole date. Petitioner therefore fails to demonstrate a basis for relief under AEDPA for any alleged violation of California Penal Code section 5011.

27. Respondent denies that Petitioner is entitled to immediate relief.

28. Respondent denies that the Board's decision denying parole violated Petitioner's due process rights.

29. Respondent denies that the Board's decision denying parole violated Petitioner's equal protection rights.

30. If the petition is granted, Petitioner's remedy is limited to a new parole consideration

hearing before the Board that comports with due process. *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-985 (9th Cir. 2002); *In re Rosenkrantz*, 29 Cal.4th 616, 658 (2002).

31.   Respondent admits that Petitioner's claim is timely under 28 U.S.C. § 2244(d)(1), and that the petition is not barred by the non-retroactivity doctrine.

32.   Respondent denies that an evidentiary hearing is necessary in this matter.

33.   Respondent affirmatively alleges that Petitioner fails to state or establish any grounds for habeas corpus relief.

34.   Except as expressly admitted above, Respondent denies, generally and specifically, each and every allegation of the petition, and specifically denies that Petitioner's administrative, statutory, or constitutional rights have been violated in any way.

Accordingly, Respondent respectfully requests that the petition for writ of habeas corpus be denied.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ARGUMENT**

I.

**THE STATE COURT'S DENIAL OF PETITIONER'S HABEAS CLAIM WAS NOT CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, NOR WAS IT BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.**

Under AEDPA, a federal court may only grant a writ of habeas corpus if the state court's adjudication of a claim on the merits was either: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2).

A state court decision is contrary to clearly established federal law if "the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases," or "the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citations and internal

quotation marks omitted).  A state court decision is an unreasonable application of clearly established law "if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75.  It is not enough that the state court applied the law erroneously or incorrectly; rather, the court must have made an objectively unreasonable application. *Id.* at 75-76.

Here, the state court decision denying Petitioner's claim for habeas relief is neither contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented.  First, Petitioner received all process required under *Greenholtz*, the only clearly established federal law specifically addressing an inmate's due process rights in a parole consideration hearing.  Second, the state court decision did not involve an unreasonable interpretation of the evidence; rather, some evidence supports the state court holding denying Petitioner parole.  Thus, Petitioner fails to establish an AEDPA violation, and the state court decision denying habeas relief must stand.

**A.   The State Court Decision Was Not Contrary to Clearly Established Federal Law.**

Petitioner is not entitled to federal habeas relief because he received all process due under *Greenholtz* – the only United States Supreme Court decision establishing due process protections for parole determinations.  In *Greenholtz*, the Court held that the only process required at a parole consideration hearing is an opportunity for the inmate to present his case, and if parole is denied, an explanation for the denial.  *Greenholtz*, 442 U.S. at 16.

Petitioner received both of these protections during his 2006 parole consideration hearing.  First, Petitioner had a chance to fully present his case before the Board.  Although Petitioner refused to comment on his commitment offense or prior criminal history, he discussed his social history; relationships with family and friends; his parole plans should he be released; his limited participation in educational and vocational activities; his limited participation in self-help and therapy to cope with stress in a non-destructive manner; his prison disciplinary history; his psychological evaluations; and his illicit drug and alcohol use.  (Ex. E at 6-46.)

Second, when the Board returned after deliberation, it provided Petitioner with a full

explanation as to why he was denied parole. (Ex. E at 46-53.)

Thus, Petitioner's due process rights were satisfied: he received both an opportunity to present his case before the Board and a reasoned explanation as to why the Board denied him parole. Accordingly, he is not entitled to relief and the petition must be denied.

### B. The Some-Evidence Standard of Review Is Not Clearly Established Federal Law By the United States Supreme Court in Challenging Parole Denials.

The some-evidence standard does not apply in federal habeas proceedings challenging parole denials because it is not clearly established federal law. The United States Supreme Court recently reiterated that for AEDPA purposes, "clearly established federal law" refers only to the holdings of the nation's highest court on the specific issue presented. *Carey v. Musladin, supra*, __ U.S. __, 127 S. Ct. at 653. In *Musladin*, a convicted murderer filed a federal habeas petition after a state appellate court upheld the victim's family members' wearing of buttons with the victim's photograph during the trial, concluding that it was not inherently or actually prejudicial based on two United State Supreme Court cases. *Id*. at 651-52. The Court of Appeals for the Ninth Circuit reversed, finding that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law – the prejudice test in the two United State Supreme Court cases. *Id*. at 652. In vacating the Ninth Circuit's decision, the Supreme Court stated that the cases relied on by the Ninth Circuit involved state-sponsored courtroom practices – making a defendant wear prison clothing during trial and seating four uniformed troopers behind a defendant during trial – that were unlike the private action of the victim's family members' wearing of buttons. *Id*. at 653-54. The *Musladin* Court further noted that the two cases were not clearly established federal law on the issue because the United States Supreme Court "has never addressed a claim that such private-actor courtroom conduct was so inherently prejudicial that it deprived a defendant of a fair trial." *Id*. at 653. Consequently, the Court held that the Ninth Circuit erred by importing a federal test for prejudicial state action in a courtroom to private spectators' courtroom conduct. *Id*. at 654.

Recently, in *Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1942 (2007), the United States Supreme Court again factually distinguished two of its cases that the Ninth Circuit cited in

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Luther v. Curry*
C07-4214 MHP

10

holding that the state court unreasonably applied clearly established federal law when finding ineffective assistance of counsel claims frivolous. In *Landrigan*, a criminal defendant questioned by the judge told the court that he did not want mitigating evidence presented (his attorney advised otherwise). *Id.* at 1937-38. The United States Supreme Court reasoned that the two cases relied on by the Ninth Circuit were not clearly established federal law by factually distinguishing them. *See id.* at 1942. The Court noted that one case involved an attorney's failure to provide mitigating evidence and the other case concerned a defendant who refused to help develop mitigating evidence. *Id.*

Likewise, several recent Ninth Circuit decisions also emphasize that there can be no clearly established federal law where the Supreme Court has never addressed a particular issue or applied a certain test to a specific type of proceeding. For instance, in *Foote v. Del Papa*, 492 F.3d 1026 (9th Cir. 2007) the Ninth Circuit affirmed the district court's denial of a petition alleging ineffective assistance of appellate counsel based on an alleged conflict of interest because no Supreme Court case has held that such an irreconcilable conflict violates the Sixth Amendment. *Id.* at *3-4. Similarly, in *Nguyen v. Garcia*, 477 F.3d 716 (9th Cir. 2007), the Ninth Circuit upheld the state court's decision – finding that *Wainwright v. Greenfield*, 474 U.S. 284 (1986) did not apply to a state court competency hearing – because the Supreme Court has not held that *Wainwright* applied to competency hearings and thus, was not contrary to clearly established federal law. *Id.* at 718, 727. Finally, in *Locke v. Cattrell*, 476 F.3d 46 (9th Cir. 2007), the Ninth Circuit affirmed the denial of a federal habeas petition based on a proposed violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) concluding that, because no Supreme Court case supported petitioner's claim that his admission to a crime transformed a police interview into a custodial interrogation, the state court's decision denying relief was not unreasonable under AEDPA. *Cattrell*, 476 F.3d at 53.

Accordingly, because *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) applied the some-evidence standard to a prison disciplinary hearing and Petitioner challenges his 2006 parole consideration hearing, the some-evidence standard does not apply. Because *Greenholtz* is the *only* United States Supreme Court authority describing the process due at a parole consideration

1  hearing when an inmate has a federal liberty interest in parole, the *Greenholtz* test, not the some-
2  evidence standard, should apply in this proceeding. Regardless, Respondent recognizes that the
3  Ninth Circuit has held otherwise, most recently in *Irons v. Carey, supra*, ___ F.3d ___, 2007 WL
4  2027359, and will argue this case accordingly.

        **C.**    **The State Court Decision Upholding the Board's Parole Denial Was a Reasonable Application of Clearly Established Federal Law.**

7         Assuming Petitioner has a federally protected liberty interest in parole, and if the
8  "minimally stringent" some-evidence standard is applicable, then the requirements of due process
9  are satisfied if there is "any evidence in the record that could support the conclusion reached by
10 the board." *See Hill*, 472 U.S. at 455-56 (applying some-evidence standard to prison disciplinary
11 hearing). The some-evidence standard "does not require examination of the entire record,
12 independent assessment of the credibility of witnesses, or weighing of the evidence;" rather, it
13 assures that "the record is not so devoid of evidence that the findings of the . . . board were
14 without support or otherwise arbitrary." *Id.* at 457. Thus, both the "reasonable determination"
15 standard of AEDPA and the some-evidence standard of *Hill* are very minimal standards.

16        Although Petitioner invites the Court to re-examine the facts of his case and re-weigh the
17 evidence presented to the Board, AEDPA does not permit this degree of judicial intrusion.
18 Petitioner bears the burden of proving that the state court's factual determinations were
19 objectively unreasonable. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th
20 Cir. 2005). So long as the state court's reasoned decision was a reasonable determination of the
21 facts presented, Petitioner's claim must fail.

22        Moreover, in assessing the state court's review of Petitioner's claims, not only should the
23 appropriate deference be afforded under AEDPA to the state court's review, but deference is also
24 due to the underlying Board decision. The Supreme Court has recognized the difficult and
25 sensitive task faced by the Board members in evaluating the advisability of parole release.
26 *Greenholtz*, 442 U.S. at 9-10. Thus, contrary to Petitioner's belief that he should be paroled
27 based on the evidence in support of parole presented at the hearing (*See generally*, Pet'n.), the
28 Supreme Court has stated that in parole release, there is no set of facts which, if shown, mandate

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.      *Luther v. Curry*
    C07-4214 MHP

a decision favorable to the inmate. *Greenholtz*, 442 U.S. at 9-10. Instead, under the some-evidence standard, the court's inquiry is limited solely to determining whether the state court properly found that the Board's decision to deny parole is supported by some evidence in the record, *i.e.*, any evidence. *Hill*, 472 U.S. at 455.

When, as here, the California Supreme Court denies a petition for review without comment, the federal court will look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the last reasoned decision is the Kern County Superior Court's August 10, 2006 decision denying Petitioner's habeas claim. (Ex. F.) First, the trial court found there was some evidence supporting the Board's conclusion that the Petitioner's offense was carried out in an especially cruel manner, demonstrating an exceptionally callous disregard for human suffering based on the facts of the crime: Obert was found dead in Petitioner's home, having sustained a gunshot wound to the head and three blunt force trauma wounds. (Ex. F at 1-2.) Second, the court also noted that the motive for the crime was very trivial in relation to the offense in that Petitioner was concerned with owing a drug dealer money. (Ex. F at 2.) Third, the court found that the Board's finding of an unstable social history was supported by Petitioner's drug and alcohol use and that Petitioner had only programmed in a limited manner concerning his involvement with drugs and alcohol. (*Id.*) Finally, the court noted that the Board concluded that Petitioner needed additional self-help therapy to discuss, understand, and cope with stress in a non-destructive manner. (*Id.*) Accordingly, because the Board considered all relevant and reliable evidence before it and, after properly applying California's parole suitability criteria, it made an individualized determination to deny Petitioner parole. These findings were a reasonable application of the *Hill* some-evidence test and thus, Petitioner's claim must fail.

Petitioner argues that due process precludes the Board from relying on the circumstances of the commitment offense to deny parole. This argument fails for a number of reasons. First, reliance on the commitment offense is not contrary to any clearly established United States Supreme Court law. *Andrade*, 538 U.S. at 73.

Second, *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003) does not compel a different

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Luther v. Curry*
C07-4214 MHP

result. In *Biggs*, the Ninth Circuit stated that the Board's continuing reliance on an unchanging factor to deny parole "could result in a due process violation." *Id.* at 917. However, the *Biggs* court did not definitively indicate that reliance on an unchanging factor necessarily violates due process, only that it possibly could. Indeed, the court praised Biggs for being "a model inmate," and found that the record was "replete with the gains Biggs has made," including a master's degree in business administration. *Id.* at 912. Nonetheless, the court denied habeas relief because the Board's decision to deny parole—which relied solely on the commitment offense—was supported by some evidence. Most importantly, the statement in *Biggs* is merely circuit court dicta, and not clearly established federal law sufficient to overturn a state court decision under AEDPA standards. *See Crater v. Galaza*, 491 F.3d 1119, 1126, fn. 8 (2007) (circuit court decisions are not controlling under AEDPA).

Moreover, the Ninth Circuit has emphasized that *Biggs* does not contain mandatory language, and that "[u]nder AEDPA, it is not our function to speculate about how future parole hearings could proceed." *Sass*, 461 F.3d at 1129. The *Sass* court rejected the argument that the Board's reliance on "immutable behavioral evidence" to deny parole violated federal due process.[4] Moreover, the Ninth Circuit again recently revisited this issue in dicta in *Irons*, holding that despite "substantial" evidence of rehabilitation, the Board acted properly within its discretion in continuing to rely on the circumstances of the inmate's offense to deny parole. *Irons, supra*, ___ F.3d ___, 2007 WL 2027359 at *4-5, *6.

Finally, California law allows the Board to rely on the commitment offense in denying parole: California Penal Code section 3401(b) requires that the Board examine the commitment offense; and the California Supreme Court held in *Dannenberg* that the Board may solely rely on the circumstances of the commitment offense to deny parole. *Dannenberg*, 34 Cal. 4th at 1094;

---

4. This Court has also recognized that the Board may properly rely on static factors to deny parole. In a recent decision, this Court noted that "[p]ast criminal conduct is not some arbitrary factor like eye color that has nothing to do with present dangerousness. Recidivism concerns are genuine. California's parole scheme does not offend due process by allowing the [Board] to predict that an inmate presents a present danger based on a crime he committed many years ago." *Hill v. Kane*, 2006 WL 3020923 at *3 (N.D. Cal. Oct. 26, 2006) (citations omitted).

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                *Luther v. Curry*
                                                                          C07-4214 MHP

(Ex. F.)

Thus, although the Board relied on other factors in addition to Petitioner's commitment offense in denying him parole, the Board is not precluded from using circumstances of the commitment offense to deny parole. Because Petitioner has failed to prove that the state court decisions were contrary to AEDPA standards, his claim must be denied.

### D. The State Court Decision Upholding the Board's Parole Denial Was a Reasonable Interpretation of the Facts in Light of the Evidence Presented.

The second standard under AEDPA is that a state court habeas decision must be based on a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). AEDPA defers to state courts, indicating that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Additionally, Petitioner bears the burden of proof on this prong, and he must show that the state court's factual determinations were objectively unreasonable. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005). However, Petitioner fails to prove that the state court's factual determinations were objectively unreasonable.

Here, the state court properly found that some evidence supported the Board's determination that Petitioner was unsuitable for parole. (Ex. F.) The Board relied on the facts of the crime set forth in Petitioner's 2001 Life Prisoner Evaluation Board Report in concluding that Petitioner continued to be a danger to society if released from prison and that the motive for the crime was trivial. (Ex. C; Ex. E at 8-13, 46-47.) Additionally, the Board relied on documents in Petitioner's central file and his testimony regarding his social history, relationships with family and friends, parole plans should he be released, his limited participation in educational and vocational activities during incarceration, his limited participation in self-help and therapy, his prison disciplinary history, his psychological evaluations, and his illicit drug and alcohol use in determining Petitioner was not suitable for parole. (Ex. C; Ex. D; Ex. E at 6-45.)

Accordingly, the findings of the state court are both supported by the record and a reasonable interpretation of the evidence presented. Petitioner fails to prove that the state court's factual determinations were unreasonable. As such, the state court's denial of habeas relief

1  meets the AEDPA standards, and there is no basis for this Court to overturn the decision. The
2  petition for writ of habeas corpus should be denied.
3  //
4  //
5  //
6  //
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Luther v. Curry*
C07-4214 MHP

16

## CONCLUSION

Petitioner's disagreement with the Board's parole denial does not entitle him to a writ of habeas corpus. Rather, he must prove that the state court decisions denying relief are contrary to, or an unreasonable application of, clearly established federal law, or that the decisions involved an unreasonable determination of the facts. Petitioner fails to meet this burden. First, Petitioner received all process due under *Greenholtz*, the only clearly established federal law specifying due process required at parole hearings. Second, the state court decision denying Petitioner parole does not involve unreasonable factual determinations; indeed, some evidence supports the Board's parole denial. Third, Petitioner's argument that the Board improperly relied on his commitment offense in denying parole is untrue. Moreover, such reliance would not be contrary to any clearly established United States Supreme Court law. For these reasons, the petition for writ of habeas corpus must be denied.

Dated: November 20, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

20113229.wpd
SF2007200822

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Luther v. Curry*
C07-4214 MHP

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Gary B. Luther v. Ben Curry, Warden**

Case No.:    **U. S. D. C., N. D., SAN FRANCISCO DIV., C 07-4214 MHP**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 20, 2007**, I served the attached

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS A - H**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Gary B. Luther, E-98605**
**Correctional Training Facility**
**P.O. Box 689, F-330U**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 20, 2007**, at San Francisco, California.

|  J. Baker  | _/s/ J. Baker_ |
| :---: | :---: |
|  Declarant  |  Signature  |

40188451.wpd