# EXHIBIT D

```
1   FILE #:        05-01-27
    SET FOR:       May 20, 1991
2   COURT:         Dept. 6
    ATTORNEY:      Donnalee Huffman
3   DPO:           EJS
    INTERPRETER:   No
4
```

5

6

7

8

9

10

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KERN

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

THE PEOPLE OF THE STATE OF CALIFORNIA      \*

PLAINTIFF,      \*      PROBATION OFFICER'S

GARY BRIAN LUTHER                          \*              REPORT

DEFENDANT.      \*      NO.   44653A

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

HONORABLE GERALD K DAVIS, JUDGE

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

21

22

23

24

25

26

1  DATE OF CRIME(S):          December 24, 1990

2  ORIGINAL CHARGE(S):        Ct   I  PC 187(a) w/PC 12022.5(a)

3
   PRESENT CHARGE(S):         Ct   I  PC 187(a) 2nd Degree
4                                       w/PC 12022.5(a)

5  DATE/GUILTY BY:            04-22-91/Jury Trial

6  CONDITIONS OF PLEA:        N/A

7  REVOCATION INFORMATION:    N/A

8
                         CUSTODY CREDIT
9

| LOCATION | FROM | TO | ACTUAL | GOOD/WORK | TOTAL |
|----------|------|----|--------|-----------|-------|
| KC Jail | 12-24-90 | 02-28-91 | 68 | 34 | 102 |
| KC Jail | 04-22-91 | 05-20-91 | 29 | 14 | 43 |
|  |  |  | 97 | 48 | 145 |

CUSTODY STATUS:       X  In Custody      ___ Bail      ___ OR

_____

                        CRIMINAL HISTORY

   CII #  A06307403    LAR #  192879    FBI #  560300T4

   The following criminal history summary was obtained from:

KCSO IB ()  CII (X)  FBI (X)  JUV. REC (X)  DMV (X)  OTHER ()

| Date | Location | Charge | Disposition |
|------|----------|--------|-------------|
| 05-31-80 | Bksfd | PC 415 | 08-27-80, #252120 1 yr Crt Prob, fn |
| 01-21-89 | Bksfd | VC 23152(a) | 02-03-89 #BM3976 Prob, fn, 90 dys lic susp |
| 04-01-89 | Bksfd | VC 23152(a) VC 14601.2 | 05-05-89, #401523 3 yrs Crt Prob, 30 dys jl, fn, 18 mos lic susp |

```
1   06-03-89    Bksfd         VC 22352         06-23-89, #PRO4266
                              VC 12951(a)      Bail forf
2
```

3   ────────────────────────────────────────────────────────────

4

5                          PERSONAL HISTORY

6    The following information was obtained from the defendant and
     is unverified, except as noted.

7   Legal Name:  Gary Brian Luther         nee:  N/A

8   Address:    c/o George and Edith Luther (Parents)
                1216 Wilson Avenue
9               Bakersfield, CA  93308

10  Age:  31   DOB:  09-27-59   Birthplace:  Bakersfield, CA

11  Sex:  M   Height:  5'10"  Weight:  175  Hair:  Brn  Eyes: Hzl

12  Marks, Scars, Tattoos:  Burn scar on back side of upper right
                            arm.
13

14  Race/Ethnic Origin:  White         Citizenship:  U.S.
                                        (Country)      -

15  Date Arrived in County:  Life   State:  Life   U.S.:  Life

16  Driver's License No:  N5702322   Soc. Sec. #:  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

17  Education:  The defendant reported that he is a 1977 graduate
                of North High School.  He stated he has also
18              received training and classification as a truck and
                bus driver.
19

20  Religious Affiliation:  First Assembly of God Church

21  Organizations:  None

22  Military Service:  None         Dates:  N/A

23  Health/Disabilities:  The defendant reported that his health is
                          good, other than the fact that he needs
24                        glasses and to have his teeth fixed.  No
                          disabilities.
25
                               *  *  *
26

                                 3

Alcohol/Drug Use:   The defendant stated that he drinks alcohol on the average of once per week, but reported "I never get drunk." He stated he does not consider himself to be an alcoholic. The defendant reported that at the time of the instant offense, he had drunk a half-pint of Peppermint Schnapps. He stated he does not feel like he was intoxicated at the time.

The defendant reported that he first tried illicit drugs at the age of 17. He stated that he previously used "crank" on an occasional basis, for a period of three to six months. He stated also that he "smoked pot for years," on the average of three times per week. The defendant stated that he does not consider himself to be addicted to any drug.

Marital Status:   Divorced     Number of Marriages:   One

Present Spouse:   N/A

Address:   N/A

| Child's Name | Age | Mother's Name | Father's Name | Child Lives With | Supported By |
|---|---|---|---|---|---|
| Crystal Luther | 12 | Elaine Webb | Defendant | Mother | Mother & Stepfather |
| Russell Luther | 10 | Same | Same | Same | Same |
| Cody Luther | 8 | Same | Same | Same | Same |

Father:   George Luther                    Occupation:   Equipment Deliveryman

Address:   1216 Wilson Avenue
           Bakersfield, CA  93308

Mother:   Edith Luther   nee  Coutu        Occupation:   Secretary

Address: Same

Parents' Marital Status:  Married

Siblings:  Two                          Age Range:  32 - 33

Family Criminal Record:  None

---

### EMPLOYMENT RECORD

| From | To | Employer's Name | Type of Work | Salary |
|------|-----|-----------------|--------------|--------|
| 1987 (Off and On) | 12-89 | Ralph Schwebel Plastering | General Laborer | $10.60 Hr |
| 6 mos in 1988 | | Elam Tractor Rental | Truck Driver | $500 wk Average |

---

### FINANCIAL STATUS

Defendant's Income: The defendant reported that he had previously been receiving A.F.D.C benefits, however had not received those after September, 1990.  He stated that his father had been paying him a salary while he was remodeling his father's rental house in which he (the defendant) was residing.

Spouse's Income:  N/A

Assets:  None

Debts:  The defendant reported that he possibly owes an unknown amount on medical bills for hospital treatment.

Probation Fees:  N/A

---

1

## CIRCUMSTANCES OF THE PRESENT OFFENSE:

2      Information for this report was taken from Kern County

3   Sheriff's Department, California Highway Patrol and Kern County

4   Coroner's Office reports.  Since the defendant had a Jury Trial

5   and this officer did not have access to trial transcripts,

6   there may have been additional information which supplemented

7   or contradicted information available to this officer.  The

8   Court is aware from trial testimony of the details of the

9   circumstances in this case. The following is provided primarily

10  for use by the Department of Corrections.

11      On December 24, 1990, at approximately 5:25 p.m., a

12  California Highway Patrol Unit was dispatched to an address on

13  East Harding Avenue in Oildale, to a report of a possible

14  injury accident.  When Highway Patrol Officers arrived at that

15  location they found a male subject, subsequently identified as

16  James William Obert, age 31, lying on the kitchen floor with a

17  pool of blood around his head.  An ambulance and the Kern

18  County Fire Department were summoned.  The Highway Patrolman

19  spoke with a man identified as Gary Brian Luther, who was

20  seated on the couch and who appeared to be quite upset and

21  crying.  Luther indicated to the Patrolman that Obert had come

22  into his home and attacked him in his bedroom, whereupon,

23  Luther had pulled a gun from the mattress and had hit Obert

24  with the gun.  The Highway Patrolman asked Luther where the gun

25  was and he indicated that he had thrown it in the patio area of

26  the residence, where the Highway Patrolman retrieved it.

1    Sheriff's Deputies arrived at the residence and began
2  conducting an investigation.  Deputies spoke with Luther, who
3  indicated he was lying on the bed in his bedroom when he heard
4  one of his children say that "Hawkeye" (Obert) was in the
5  house.  Luther stated that he had retrieved a gun from under
6  the bed and that when Obert approached him in a combative
7  manner, he had slapped Obert with the gun.  Luther indicated
8  the Obert had fallen to the floor and that he had called the
9  Emergency 911 number.  The gun was identified as an Iver
10  Johnson .38 caliber revolver and was turned over to Sheriff's
11  Deputies as evidence.

12    Detectives requested for Luther to be transported to the
13  Kern County Sheriff's Department for questioning.  The deputy
14  who was responsible for transporting Luther to the Sheriff's
15  Department walked with him from the residence to the patrol
16  vehicle, whereupon, Luther made the statement to the deputy,
17  "He bought my wife with drugs."  While Luther was in the
18  patrol vehicle with the deputy, he was advised of his rights
19  and Luther indicated that he did not wish to waive them.  Upon
20  arrival at the Sheriff's Department, Luther indicated to the
21  transporting deputy that he had drunk a pint of Peppermint
22  Schnapps.  He requested to go outside and get some fresh air.
23  The deputy agreed and accompanied him outside.  After a period
24  of time, the deputy took Luther back into the interview room
25  where he fell asleep and remained until the arrival of the
26  investigating detectives.

7

1    A detective went into the room and began filling out
2  forms, whereupon, Luther awakened and told the detectives, "It
3  was an accident. All I did was hit him with the gun. I didn't
4  shoot him. I slapped him." He made the further unsolicited
5  statement, "I didn't like the guy. He's been fucking with my
6  girlfriend, Tesha Hill." Due the voluntary and spontaneous
7  statements he had made, he was again advised of his rights and
8  indicated that he was willing to answer questions. Luther
9  provided the basic information that he had been in his room,
10 lying on the bed, when one of his children had come in and told
11 him that Obert was in the residence. He had gotten up and told
12 Obert, "Get out of my house." Luther indicated that he owed
13 Obert $200 for drugs and that Obert was possibly there to
14 collect that money. Luther was advised that he was under
15 arrest for murder and would be transported to the Kern County
16 Jail.

17    Obert had been transported to Memorial Hospital, where he
18 was determined to be dead. His clothing was seized as
19 evidence. When his pants were removed, a baggie of suspected
20 marijuana and a baggie of an off-white substance fell out of
21 his pants. His wallet was also seized as evidence and was
22 noted to contain a total of $1,431.23 in currency and coin.
23 Found in miscellaneous papers were two "pay and owe sheets."
24 Also found on Obert's person was a small buck type knife.
25    Subsequent analysis of contents of the baggies retrieved
26 from Obert's body, revealed that there was a total of 14.51

1  grams of marijuana (Schedule I) and 1.71 grams of a chunky

2  substance containing methamphetamine (Schedule II).

3      During questioning, Luther provided information that

4  prior to putting the gun in the patio area, he had unloaded it

5  and put the shells in a flower pot by the back door.  Sheriff's

6  deputies went to the residence and seized two live rounds and

7  one spent round from the flower pot.  Found in a trash can

8  outside was a blue tee shirt which appeared to have blood

9  stains on it.  An empty pint bottle of Peppermint Schnapps

10 which was found in a trash can in the northeast bedroom.

11     A postmortem exam was made of Obert's body and revealed

12 that his cause of death was from a gunshot wound to the head.

13 A heart blood sample was drawn, as was a urine specimen.

14 Analysis of both the blood and urine sample revealed that they

15 were positive for the presence of methamphetamine and

16 amphetamine.

17                    **DEFENDANT'S STATEMENT:**

18     The undersigned officer interviewed the defendant at the

19 Sheriff's Lerdo Pretrial Facility on May 7, 1991.  The

20 defendant made the following statements regarding the charges

21 for which he is before the Court.  "I don't feel like I got a

22 fair trial.  All of the evidence was not put forth.  The only

23 reason I ever brought the gun out was to show the guy I wanted

24 him out of my house.  When I did, he was so high on drugs he

25 came at me.  He hit me and I hit him.  They never took pictures

26 of me, as far as the inside of my mouth.  My lawyer never did

                              9

1   show the jury actually how it happened.  When I hit him, the
2   gun went off.  I never pulled the trigger on that gun
3   intentionally.  When I hit him, the gun went off.  They got me
4   for Second Degree Murder.  I'm the one that called the cops.
5   He was still alive when they got there and they did CPR on him.
6   I didn't mean to kill him, but he came at me in my own house."
7   The defendant made this additional statement regarding this
8   incident, "This has really hurt my kids.  My boy saw this
9   happen.  He knows I didn't do this.  Now he hates cops."
10              **VICTIM INTERVIEW AND RESTITUTION INFORMATION**:
11          A victim notification letter has been sent to Margaret
12  Obert, the wife of the deceased, advising her of the date,
13  place and time of the defendant's sentencing.  This officer
14  also spoke with Ms. Obert by telephone, and stated that she
15  definitely plans to be present for the defendant's sentencing
16  and to address the Court.  She made the following verbal
17  statement to this officer during the course of her telephone
18  conversation:  "I've never gone through anything like this.
19  Jimmy and I were together twelve years.  I have an eight year
20  old and a two year old child.  He (the defendant) does not
21  realize the lives he hurt."
22          Restitution information is not applicable due to the fact
23  that a prison commitment is being recommended.
24                          *  *  *
25
26

                                10

1

## EVALUATION

2

Circumstances in Mitigation:

3

4

Pursuant to the sentencing rules of the Uniform Determinate Sentencing Act, the following circumstance is being listed in mitigation.

5

(1). The defendant has a minimal prior criminal record.

6

7

Circumstances in Aggravation:

8

In this officer's opinion, there are no aggravating circumstances in this case.

9

Analysis:

10

Appearing before the Court is the 31-year-old defendant,

11

Gary Brian Luther, who has been convicted at Jury Trial of a

12

Felony, to-wit: Count One, a violation of Section 187(a),

13

Second Degree of the Penal Code, enhanced pursuant to Section

14

12022.5(a) of the Penal Code.                            —

15

As alleged in the information, pursuant to Section

16

1203.06(a)(1) of the Penal Code, probation shall not be granted

17

to the defendant because he personally used a firearm in the

18

commission of this crime.

19

The defendant maintained to this officer that he felt

20

threatened by the victim, James Obert, and had been struck in

21

the face by him.  Nonetheless, the defendant's actions did

22

result in Obert's death and the defendant is before the Court

23

for sentencing as a result of that criminal act.  Due to the

24

fact that the gunshot wound which the victim sustained was in

25

the back of his head, it would be difficult to believe that

26

this killing took place entirely in self defense.

11

1    Regarding the enhancement pursuant to Penal Code Section
2  12022.5(a), the undersigned officer is of the opinion that the
3  lower term of three years is indicated for the following
4  reason:
5        (1). Available information indicates that the victim was
6              an initiator or provoker of this incident in that he
7              came into the defendant's house and bedroom without
8              justification or authorization from the defendant.
9    It is with the above thoughts in mind that the following
10  recommendation is respectfully submitted.
11  <u>PUNISHMENT</u> <u>AGG.</u> <u>MIT.</u> <u>BASE TERM</u> <u>ENHANCEMENT</u> <u>C/S SENTENCES</u> <u>TOTAL</u>
12  <u>Count One, PC 187(a) 2nd Degree w/PC 12022.5(a)</u>:
13  15 to Life            15 to Life  <u>PC 12022.5(a)</u>  None   18 yrs
                                        3 yrs                  to Life
14
15                        RECOMMENDATION:
16      <u>Count One, PC 187(a) 2nd Degree w/PC 12022.5(a)</u>:
17      It is respectfully recommended that probation be denied,
18  and the defendant be sentenced to the Department of Corrections
19  for the term prescribed by law, of fifteen years to life; said
20  sentence to be enhanced by the lower term of three years
21  pursuant to Section 12022.5(a) of the Penal Code, for a total
22  term of **eighteen years to life.**
23
24
25
26

12

1        It is further recommended that the defendant pay a

2   restitution fine in the amount of $100.00, pursuant to

3   Government Code Section 13967.

4

5                                    RESPECTFULLY SUBMITTED,

6                                    BILL G. WILLIAMSON
                                     CHIEF PROBATION OFFICER

7   DATED:   May /4ᵗʰ, 1991

8                                    _Eileen J. Simpson_
                                     Eileen J. Simpson
9                                    Deputy Probation Officer
                                     Adult Division
10

11  I HAVE READ AND CONSIDERED THE PROBATION OFFICER'S REPORT.

12  DATED:   May       , 1991

13                                   _____
                                     JUDGE OF THE SUPERIOR COURT
14                                   BAKERSFIELD, KERN COUNTY
                                     CALIFORNIA
15  EJS:pjw

16

17

18

19

20

21

22

23

24

25

26

                                13

## SOCIAL FACTORS DATED 07/03/91

| PARENTS: | Name | Age | Occupation | Address & Phone # |
|---|---|---|---|---|
| Edith Rose Luther | | 54 | Secretary for Water Co. | 1216 Wilson Ave Oildale, CA 805-399-6327 |
| George Otis Luther | | 54 | Delivery for Texaco Refinery | Same as above |

| SIBLINGS: | | | | |
|---|---|---|---|---|
| Don Luther | | 32 | Local 460 | 10112 Michele Bakersfield, CA |
| Joy Handshoe | | 34 | Florist | Rockwood, Oildale, CA |

-------------------------------------------------------------------

| MARRIAGES: | Name | Date | Status | Address & Phone # |
|---|---|---|---|---|
| Elaine Webb | | 8 yrs | Divorced | Oildale, CA |

**NOT LEGALIZED**
None

| CHILDREN: | Name | Age | Living With | Address & Phone # |
|---|---|---|---|---|
| Crystal Luther | | 12 | Mother Elaine Webb | |
| Russel Luther | | 10 | Mother Elaine Webb | |
| Cody Luther | | 8 | Mother Elaine Webb | |

-------------------------------------------------------------------

**ANY FAMILY FELONY ARREST HISTORY:**

| Name | Relationship | Offense(s) | Disposition |
|---|---|---|---|
| None | | | |

-------------------------------------------------------------------

**RELIGION:**          **DRIVER'S LICENSE # & STATUS:**          **SOCIAL SECURITY #:**
1st Assembly of God                                               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

**USUAL OCCUPATION:  Last Employer          Address & Phone #**
Plasterer, Schwebel Plastering Inc.   Emilia Building, Bakersfield Airport

**HOME ADDRESS:    Street          City  &    County/State/ZIP      Phone #**
1216 Wilson Ave.          Oildale, CA                           805-399-6327

**NAME & RELATIONSHIP of closest relative living at this home address.**
Edith and George Luther, parents.

| CDC NUMBER: | LAST NAME: | INSTITUTION: | DATE: |
|---|---|---|---|
| E98605 | LUTHER | CCI-RC | 7-3-91 |

LM/br

<u>INSTITUTIONAL STAFF RECOMMENDATION SUMMARY DATED 07/03/91</u>

I/M NAME: LUTHER, GARY      I/M NO: E98605

**SOURCES OF REPORT:**  Los Angeles County Probation Officer's Report dated 5-20-91, CLETS printout dated 6-7-91, case conference with housing unit officer and personal interview with Inmate on 7-1-91.

**CONFIDENTIAL INFORMATION:**  None on file.

**HOLDS/DETAINERS:**  None on file.

**MEDICAL/DENTAL:**  Full duty and camp qualified.

**PSYCHIATRIC/PSYCHOLOGICAL:**  No referral indicated.

**WORK SKILLS:**  POR and Inmate indicate that he worked as truck driver and a plasterer.

**NARCOTICS/DRUGS/ALCOHOL:**  POR and Inmate indicate that he used alcohol, methamphetamines, and marijuana.

**ESCAPE HISTORY:**  None in file and Inmate claims none.

**ARSON HISTORY:**  None in file and Inmate claims none.

**SEX-RELATED OFFENSES:**  None in file and Inmate claims none.

**ACADEMIC/VOCATIONAL:**  POR and Inmate indicate that he graduated from North High School in 1977.  Intelligence test scores reflect a grade placement level of 8.8 and a Raven I.Q. of 108.

**CASE WORK FOLLOW-UP:**  Review FBI and CII printouts when available, and adjust classification score accordingly.  Notice is required per PC 3058.6.

LM/br

**EVALUATION:**

Luther is a 31 year old 1st termer committed to CDC from Kern County for the offense of Murder 1st, resulting in a 18 year to LIFE sentence. The essence of the committing offense is that Luther struck the victim in the face while holding a revolver. The revolver discharged and the victim was shot in the head. He was apprehended at the scene. Sentence was rendered as a result of a jury trial. It was noted that the current commitment is the sole reason for his present incarceration.

Available information reflects that Luther has no known juvenile criminal history. His adult criminal history consists of DUI, Fight in Public, Battery and the instant offense.

During the interview, Luther was cooperative and answered all questions as directed. It is the opinion of this counselor, that he can function in a mainline setting consistent with his classification score. Thus far, during processing through CCI-III, he has experienced no disciplinary actions. Management problems are not anticipated at this time.

**RE-ENTRY PLANS:** N/A

**TRANSFER**

**CLASSIFICATION SCORE:**      57                    **CUSTODY LEVEL:**   IV

**INSTITUTION RECOMMENDATION:** FOLSOM-IV/PBSP-IV, Inmate was interested in staying at Folsom vs. PBSP.

**CCF:** Ineligible due to time and points.

**REASON FOR OUT-OF-LEVEL PLACEMENT:** N/A

**CORRECTIONAL COUNSELOR:** L. MURCAVITCH, CC-I

**SUPERVISOR'S RECOMMENDATION:** M. STIEGLER, CC-II(A); FOL-IV/PBSP

**I/M NAME:** LUTHER, GARY     **I/M NUMBER:** E98605     **DATE:**   07/03/91

LM/br

CCI-III RC
