# EXHIBIT G
# Part 1 of 2

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

# Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

JAN 1 0 2007

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____
Deputy

In re

GARY B. LUTHER,

On Habeas Corpus.

F051250

BY THE COURT*:

The "Petition For Writ Of Habeas Corpus," filed in this court on September 22, 2006, is denied. A modicum of evidence supports the board's decision to deny parole. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 677.)

_____ P.J.

*Before Ardaiz, P.J., Gomes, J., and Kane, J.

MC-275

Name  Gary B. Luther

Address  Box 689   F-330U

California State Prison

Soledad, CA 93960-0689

CDC or ID Number  E-98605

DOCKETED
OCT 2 3 2006
By S. Stiles
No.

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

SEP 2 2 2006

LEISA V. BIGGERS, CLERK/ADMINISTRATOR

By _____
Deputy

## CALIFORNIA COURT OF APPEALS

### FIFTH APPELLATE DISTRICT

*(Court)*

GARY B. LUTHER

Petitioner

vs.

CURRY, Warden (Acting)

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. __F051250__

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form          PETITION FOR WRIT OF HABEAS CORPUS      WEST GROUP     Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☐ A conviction        ☐ Parole

☐ A sentence        ☐ Credits

☐ Jail or prison conditions        ☐ Prison discipline

☒ Other *(specify)*: Denial of suitability for parole.

1. Your name:    Gary B. Luther

2. Where are you incarcerated?   California State Prison (CTF-Central), Soledad, California

3. Why are you in custody?    ☒ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

     Second degree murder with use of gun enhancement.

b. Penal or other code sections:     P.C. §§187 & 12022.5(A)

c. Name and location of sentencing or committing court:   Superior Court of Kern County, 1415 truxtun Ave., Bakersfield, CA 93301-5215

d. Case number:       SC044653A

e. Date convicted or committed:       April 22, 1991

f. Date sentenced:       May 30, 1991

g. Length of sentence:       15 years to life, plus 3 years.

h. When do you expect to be released?       Unknown

i. Were you represented by counsel in the trial court?   ☒ Yes.    ☐ No.   If yes, state the attorney's name and address:

     Not available at this time.

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

8. GROUNDS FOR RELIEF
   Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

See attached appeal (pages 1-12)

And MOTION FOR JUDICIAL NOTICE

a. Supporting facts:
   Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

See attached appeal (pages 1-12)

And MOTION FOR JUDICIAL NOTICE

b. Supporting cases, rules, or other authority (optional):
   *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

See attached appeal (pages 1-12)

And MOTION FOR JUDICIAL NOTICE

7. Ground 2 or Ground _____ *(if applicable)*:

See attached appeal (pages (1-12)

And MOTION FOR JUDICIAL NOTICE

a. Supporting facts:

See attached appeal (pages 1-12)

And MOTION FOR JUDICIAL NOTICE

b. Supporting cases, rules, or other authority:

See attached appeal (pages 1-12)

And MOTION FOR JUDICIAL NOTICE

8.  Did you appeal from the conviction, sentence, or commitment?   [X] Yes.   [  ] No.   If yes, give the following information:

    a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

    Unavailable at this time

    b.  Result: Denied                                            c.  Date of decision: Unavailable

    d.  Case number or citation of opinion, if known:   Unavailable

    e.  Issues raised:   (1)   Unavailable (Documents lost over period of years).

        (2) _____ // _____

        (3) _____ // _____

    f.  Were you represented by counsel on appeal?   [X] Yes.   [  ] No.  If yes, state the attorney's name and address, if known:

    Unavailable

9.  Did you seek review in the California Supreme Court?   [X] Yes.   [  ] No.   If yes, give the following information:

    a.  Result: Relief denied                                    b.  Date of decision: Unavailable

    c.  Case number or citation of opinion, if known:   Unavailable

    d.  Issues raised:  (1) _____ // _____

        (2) _____ // _____

        (3) _____ // _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:   Does not apply to this petition/appeal

_____

11. Administrative Review:

    a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    Does not apply to this petition/appeal

_____

_____

_____

_____

_____

_____

    b.  Did you seek the highest level of administrative review available?   [  ] Yes.   [  ] No. Does not apply
        *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _Superior court of California, County of Kern._

    (2) Nature of proceeding (for example, "habeas corpus petition"): _Habeas Corpus (parole suitability denial)_

    (3) Issues raised: (a) _See attached habeas petition (Exhibit "G")_

            (b) _//_

    (4) Result (Attach order or explain why unavailable): _Denied, see attached ruling._

    (5) Date of decision: _August 10, 2006_

  b. (1) Name of court: _None_

    (2) Nature of proceeding: _//_

    (3) Issues raised: (a) _//_

            (b) _//_

    (4) Result (Attach order or explain why unavailable): _//_

    (5) Date of decision: _//_

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: _No hearing held._

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) _There is no delay._

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: _This is the Court of proper jurisdiction and Petitioner's Appellate Court._

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _9/18/06_  ► _Gary B. Luther_
                                (SIGNATURE OF PETITIONER)

In re Gary Luther
KCSC #HC93-43

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The court has reviewed the petition for writ of habeas corpus which was filed on May 25, 2006. On July 10, 2006, the court, on its own motion, extended time to rule on the petition until August 24, 2006.

The background of this petition is as follows:

a. Petitioner is currently incarcerated at California State Prison in Soledad, California.

b. A jury convicted Petitioner of second degree murder. The jury also found that Petitioner used a gun within the meaning of section 12022.5(a). Petitioner appealed, and the appellate court affirmed the judgment.

c. On January 10, 2006, the Board of Parole Hearings (Board) found Petitioner unsuitable for parole. The Board deferred the next hearing for two years.

d. Petitioner contends that the Board improperly found him unsuitable for parole.

Petitioner fails to state a prima facie case for relief.

a. When considering parole for an indeterminate life inmate, the Board first determines suitability for parole. If it finds the inmate suitable, the Board establishes a parole release date. Conversely, if the Board concludes that public safety requires a lengthier period of incarceration, a parole will be denied. In making the determination, the Board considers all relevant, reliable information available, including the circumstances of the inmate's social history, past and present mental state, past criminal history, the commitment offense(s), the inmate's attitude toward the crime, and any other information that bears on the inmate's suitability for release. Cal. Code Reg., tit. 15, §2402(b).

b. There are some factors favorable to Petitioner as noted by the Board. In 2000, Petitioner had a minor 128, and Petitioner has had no 115s during the entire time that he has been incarcerated. A psychiatric report dated December 2005 is a favorable report. Petitioner has positive work records. Petitioner has made parole plans. But, the Board advised Petitioner to get the support letters updated.

c. After carefully considering all relevant information, the Board, however, found Petitioner's release from prison would pose an unreasonable risk of danger to society at this time.

d. The Board's decision was supported by some evidence. The Board found that Petitioner's commitment offense indicated unsuitability for parole. The Board found that the offense was carried out in an especially cruel manner. The Board found that the offense was

In re Gary Luther
KCSC #HC93-43

carried out in a manner which demonstrated an exceptionally callous disregard for human suffering in that the victim was found to have had sustained one gunshot wound to the head and three blunt force trauma wounds to the head. The Board found that Petitioner's motive for the crime was very trivial in relation to the offense. Petitioner owed a drug dealer money and he was concerned about that. The Board found that Petitioner's unstable social history associated with drugs and alcohol indicated unsuitability for parole. With respect to Petitioner's institutional behavior, the Board found that Petitioner had programmed in a limited manner considering the amount of time Petitioner had been in. The Board was also concerned that Petitioner failed to upgrade himself educationally and that he had not sufficiently participated in self-help programs. The Board concluded that Petitioner need some therapy in order to face, discuss and understand and cope with stress in a non-destructive manner. According to the Board's finding, Petitioner continues to be unpredictable and a threat to others until some progress is made.

     e. Petitioner argues that the Board cannot continue to rely on the unchangeable fact of the criminal offense. This argument fails. California law does allow the Board to continue to look at the circumstances of the murder and allows the facts of the crime alone to support a sentence longer than the statutory minimum, even if everything else about the prisoner is laudable. See *In re Dannenberg* (2005) 34 Cal.4th 1061, 1070-1071. Even though the Ninth Circuit opined that continuing reliance on the murder itself and past criminality to justify denying parole could result in a due process violation, *Biggs v. Terhune* (9th Cir. 2003) 334 F.3d 910, 917, that dicta is not clearly established federal law. Moreover, the some evidence standard is extremely deferential to the original decision maker. See *Superintendent v. Hill* (1985) 472 U.S. 445, 454.

     Accordingly, Petitioner has failed to state facts sufficient to warrant issuance of a writ of habeas corpus.

     The petition is denied.

Dated: ___AUG 1 0 2006___

Judge of the Superior Court

2

## CALENDAR OF EVENTS

1). On January 10, 2006, Petitioner appeared at his subsequent (2nd) parole consideration hearing, and was denied for two (2) years.

2). On May 25, 2006, Petitioner filed a habeas corpus petition in the Superior Court for Kern County, California, challenging the Board of Prison Hearings (herein after "Board") denial.

3). On August 10, 2006, the Superior Court for Kern County, California, denied Petitioner's habeas corpus petition. (Denial attached hereto).

//

//

//

Petitioner herein appeals to the Honorable Fifth Appellate District Court of California, the Ruling made by the Superior Court of California for Kern County on August 10, 2006. (KCSC #HC93-43). (Petitioner's 2nd hearing).

The Superior Court stated, at p.1:

A). "When considering parole for an indeterminate life inmate, the Board first determines suitability for parole. If it finds the inmate suitable, the Board establishes a parole release date. Conversely, if the Board concludes that public safety requires a lengthier period of incarceration, a parole will be denied. In making the determination, the Board considers all relevant, reliable information available, including the circumstances of the inmate's social history, past and present mental state, past criminal history, the commitment offense(s), the inmate's attitude toward the crime, and any other information that bears on the inmate's suitability for release. Cal. Code Reg., Tit. 15, §2402(b)."

Petitioner contends that, the Board may examine Petitioner's past conduct as compared to his post conviction conduct for rehabilitative purposes, but the Board cannot administer Cal. Code Regs., Tit. 15, §§2400-2411 for excuses to deny parole, as these regulations were unconstitutionally enacted by the Board.

The Superior Court gave NO reference or did not in-so-much as hint to the facts of Petitioner's allegations on the unconstitutionality of Title 15 C.C.R. §§2400-2411 regulations. (See, Exhibit "G" at pp. 18-22). These regulations were adopted and implemented by the Board unconstitutionally, and thus the Board violated Petitioner's due process and equal protection rights under the U.S. Constitutions Fourteenth Amendment, by applying said Title 15 C.C.R. Regulations.

Petitioner clearly and concisely established in his habeas corpus

1

petition, (Exhibit "G" at pp. 18-22), that under the California Constitution Article II, §10(c), that Title 15 C.C.R. §§2400-2411 were unconstitutionally enacted by the Board. Also, Petitioner established this allegation with California case law on the subject. But, as Petitioner has stated, the Superior Court failed to rule on the matter before them.

The Superior Court stated, at p.1:

B). "There are some factors favorable to Petitioner as noted by the Board. In 2000, Petitioner had a minor 128, and Petitioner has had no 115's during the entire time that he has been incarcerated. A psychiatric report dated December 2005 is a favorable report. Petitioner has positive work records, Petitioner has made parole plans. But, the Board advised Petitioner to get the support letters updated." (Emphasis added).

Petitioner contends that, the Superior Court is in violation of Petitioner's U.S. Constitution's Fourteenth Amendment rights, by giving a biased opinion. The Superior Court does not show Petitioner's involvement in Alcoholics Anonymous (AA) or his participation in Overcomers Outreach and several other achievements. (See, Exhibit "B" of Exhibit "G" for details).

The Superior Court stated, at p.1:

C). "After carefully considering all relevant information the Board, however, found petitioner's release from prison would pose an unreasonable risk or danger to society at this time."

Petitioner contends that, again, the Superior Court gave NO opinion, reference or acknowledgment whatsoever as to Petitioner's allegations in that his due process and equal protection rights under the U.S. Constitutions Fourteenth Amendment are being violated by the mis-application of Penal Code §3041(b).

Petitioner established in his habeas corpus petition (See, Exhibit "G" at pp. 9-14), in that Penal Code §3041(b) cannot be applied to Petitioner's

sentence of 15 years to life for second degree murder. Penal Code §3041(b) when it was enacted in 1977 by the Senate/Legislature under (SB42), said penal code was only to be applied to first degree murder and kidnapping.

Furthermore, there is nothing in the record to establish that Petitioner poses a risk or danger to society. But on the contrary, Petitioner has never had a 115 violation to CDC rules or any serious infraction to assess this kind of opinion. Both of Petitioner's Evaluations (See, Exhibits "B and C" of Exhibit "G"), of which were conducted by professionals in their given fields, have come to the opposite conclusions as that of the Board and Superior Court. These professionals stated that Petitioner would not pose a danger to society and he is qualified for parole.

There is nothing in the record to establish (or even hint) that the Board Commissioners have the same professional credentials as a California Board Certified Psychologist/Psychiatrist or a qualified CDC Correctional Counselor. In fact, per the Department of Corrections Operations Manual, §62090.14.1, staff cannot evaluate an inmate unless they have at least two (2) years of graduate training in psychiatrity.

Petitioner asserts that, he has a stable residence for parole, excellent family support and several employment offers. Petitioner's insight for parole is excellent, and all of these conclusions are supported in the record.

The Superior Court stated, at pp. 1,2:

D). "The Board's decision was supported by some evidence. The Board found that Petitioner's commitment offense indicated unsuitability for parole. The Board found that the offense was carried out in an especially cruel manner. The Board found that the offense was carried out in a manner which demonstrated an exceptionally callous disregard for human suffering in that the victim was found to have had sustained one gunshot wound to the head and three blunt force trauma wounds to the head. The Board found that petitioner's motive

3

for the crime was very trivial in relation to the offense. Petitioner owed a drug dealer money and he was concerned about that. The Board found that Petitioner's unstable social history associated with drugs and alcohol indicated unsuitability for parole. With respect to Petitioner's institutional behavior, the Board found that Petitioner had programmed in a limited manner considering the amount of time petitioner has been in. The Board was also concerned that Petitioner failed to upgrade himself educationally and that he had not sufficiently participated in self-help programs. The Board concluded that Petitioner needed some therapy in order to face, discuss and understand and cope with stress in a non-distructive manner. According to the Board's findings, Petitioner continues to be unpredictable and a threat to others until some progress is made."

First and foremost, Petitioner has expressed numerous times throughout the record his deep regret for what happened that evening. It is also established in the record that the victim entered Petitioner's home <u>without</u> permission and started the confrontation. It is also established in the record (Exhibit "G") that Petitioner called '911'.

Petitioner contends that, the Superior Court gave <u>NO</u> indication whatsoever that it reviewed Petitioner's habeas corpus petition. At (Exhibit "G" pp. 2-5), the Sister Courts to the Fifth Appellate (First, Second and Fourth District Courts of Appeal) have published cases against the Board's continuing to deny parole on the commitment offense, conduct prior to the offense and the terms "especially cruel, callous, disregard for human suffering." Furthermore, the Board and now including the Superior Court is continuing to violate Penal Code §5011(a)(b). If Petitioner does not sufficiently articulate the crime and remorse, the Board holds it against him.

In fact, this Honorable Fifth Appellate Court gave an opinion in the case of In re David H. McGraw, 9/16/2004, Case No. F043388. "The crime involved

4

one victim, shot several times. The murder occurred as a result of an escalation in an argument. These facts do not tend to distinguish petitioner's offense as especially grave or egregious. The motive for the murder, while trivial, is no more trivial than the motive operative in a conventional second degree murder. Petitioner had no juvenile record, reasonable stable relationships with others, was remorseful, and lacked significant criminal history and has both realistic plans and marketable skills to be put to use upon release and he has had exceptional to above average work reports. The psychological evaluation reflects that petitioner has "successfully completed rehabilitation." (Emphasis added).

Petitioner asserts that, comparing the circumstances between petitioner David H. McGraw and his own, this opinion (in McGraw) could very well be Petitioner's opinion by this Court.

Petitioner also contends that, there is NO comparison to Petitioner's case and that of In re Robert Rosenkrantz, June 26, 2006, Superior Court for Los Angeles, Case No. BH003529. (See, MOTION FOR JUDICIAL NOTICE, Exhibit "H"). The Superior Court stated: "When determining unsuitability based on the commitment offense, the Board may consider as a factor whether the victim was abused, defiled or mutilated during or after the offense. (See, Cal. Code Regs. Title 15, §2402(c)(1)(c).) Here, the Board found that the victim was "abused" due to "the number of times he was shot and the manner in which he was shot." In addition, the Board concluded that the case "rises to the highest level of second-degree murder". Inmate Robert Rosenkrantz was found suitable at his INITIAL parole hearing in 1996 (after serving only 10 years) and was eventually paroled after serving 20 years, from 1986-2006.

The Los Angeles Superior Court in In re Rosenkrantz also stated: "Petitioner has now served in excess of the maximum term for both second and first degree murder. Therefore, the commitment offense should no longer

5

function as a factor for unsuitability and in that case, it should no longer operate as "some evidence" to support the Board's parole denial. Petitioner has reached the point in which the denial of parole can no longer be justified by reliance on his commitment offense. The Board's continued reliance on the circumstances of the offense runs contrary to the rehabilitative goals espoused by the prison system and has violated petitioner's due process." (Emphasis added).

Petitioner contends that, he has, as Rosenkrantz, served the maximum on his sentence of second degree murder, and is now in the process of serving a sentence of first degree murder.

Petitioner's case cannot be considered as "the highest level for second degree murder", (as stated in Rosenkrantz, supra), as Petitioner was defending himself in his own home. Petitioner has been incarcerated for 15 years (1991-2006) for the sentence of 15 years to life of second degree murder, plus 3 years for a gun enhancement, but Petitioner's case does not have the same degree of malice as Rosenkrantz. (See, Exhibit "A" of Exhibit "G"). Therefore, with good time credits being applied, as they were with Rosenkrantz, Petitioner has served a total of 20 years.

In Rosenkrantz, (See, Exhibit "H"), at page 3, the Court stated that: "On September 9, 1999, petitioner was found unsuitable for parole but the panel set his prison term." (Emphasis added).

Petitioner contends that, the Board establishes a parole release date will not be determined unless the inmate is found suitable under Penal Code §3041(b). However, in 1999 Rosenkrantz was not found suitable under §3041(b), but nonetheless his prison term was set under §3041(a).

Petitioner asserts that, his rights under the U.S. Constitutions Fourteenth Amendment of due process and equal protection were violated by the Board when they found Petitioner unsuitable and did not set his prison

6

term as was done in Rosenkrantz.

Cases in support against the continuing use of the commitment offense: Martin v. Marshall, 431 F.Supp.2d 1038, at 1039 (N.D. Cal. 2006). "Sole reliance on circumstances of petitioner's offense and conduct prior to the offense in denying parole constitutes a due process violation." Irons v. Warden, 358 F.Supp.2d 936, 947 (E.D. Cal. 2005). "The court finds that petitioner's continual parole denials have been based mainly on the gravity of the commitment offense, the circumstances of which never change. Therefore, the Board's continued sole reliance on the commitment offense will essentially convert petitioner's original sentence of life with the possibility of parole into a sentence of life without the possibility of parole." Biggs v. Terhune, 334 F.3d 910, 916, 917 (9th Cir. 2003). "The Board's sole reliance on the gravity of the offense to justify denial of parole can be initially justified as fulfilling the requirements set forth by state law. However, over time, should petitioner continue to demonstrate exemplary behavior and evidence of rehabilitation, denying a parole date simply because of the nature of the commitment offense raises serious questions involving his liberty interest in parole." (Emphasis added).

Petitioner contends that, after his initial parole hearing any continued reliance on the commitment offense would cause a due process violation of Petitioner's rights under the U.S. Constitution's Fourteenth Amendment, especially as Petitioner has exhibited exemplary behavior and his conduct and programming establishes rehabilitative goals as the record supports this matter.

Petitioner asserts that, neither the Superior Court nor the Board gave realistic consideration to Petitioner's Psychological Evaluation and Life-Prisoner Evaluation (See, Exhibits "B" & "C" of Exhibit "G"). Both of these reports were given by experts in their fields and these same reports refute

7

the <u>entire</u> denial by the Board and also the ruling by the Superior Court.

There is <u>nothing</u> in the record to suggest, or even hint, that Petitioner needs therapy. In fact the Psychological Evaluation states and establishes the opposite.

The Board and Superior Court stated that, "the victim sustained three blunt force trauma wounds to the head."

Petitioner asserts that, the trial record establishes that the blunt force trauma to the victim's head was sustained as a result of his head hitting the corner of a cabinet and the bedroom floor.

Petitioner has been substance free for 15 years (as a personal choice) and will continue to be free from alcohol and narcotics for the remainder of his life. This is also supported by the Psychological and Life Prisoner Evaluations.

Petitioner studies, daily, the <u>best</u> and most widely read self-help book in all of history, the Bible. He lives by its principles and moral code.

Petitioner has a high school diploma and he has a work history since he was 17 years of age.

Petitioner has also been certified and licensed in "Lead Abatement" by the State of California since being incarcerated.

Petitioner contends that, the "some evidence" standard <u>cannot</u> be applied to deny parole. Petitioner's Psychological and Life Prisoner Evaluation reports establish that there is <u>NO</u> "some evidence" to deny parole in this case, but to the contrary establishes just the opposite and parole should be granted.

Petitioner establishes that, the "some evidence" standard of judicial review evolved from Superintendent v. Hill, (1985) 472 U.S. 445, 455. See In re Powell, 45 Cal.3d at 904. It is difficult to understand why the narrowest of standards should apply. <u>First</u>, the U.S. Supreme Court prescribed it, in Hill, to apply to a hearing at which disciplinary charges were based on a

confidential source causing the prisoner's due process right to be diminished by the prison's need for security and confidentiality. A life prisoner's due process right is not diminished because neither the parole determination process used by the Board nor adjudication of habeas claims requires disclosure of a confidential source or involves any security concerns. Second, the State's courts that adopted Hill's "some evidence standard" to review parole decisions expressly held that California's life prisoners did not have a due process liberty interest in a parole date. In re Powell, supra, 45 Cal.3d at 911. But, a liberty interest for California's life prisoners has been established. See, McQuillion, 306 F.3d at 902; Rosenkrantz, 29 Cal.4th at 621. Due process demands a finding of something more than "some" (any) evidence in the record to protect what is now defined as a vested liberty interest protected by the Due Process Clause. Third, Hill excluded claims that allege that the procedure used by the agency did not comply with state law. (472 U.S. at 457 ["respondents relied only upon the Federal Constitution, and did not claim that the disciplinary board's findings failed to meet evidentiary standards imposed by state law"].)

Petitioner asserts that, he has no juvenile record, he has a stable social history, he lacks a prior criminal history and he has worked since he was 17 years old. Because of Petitioner's maturation, growth in the word of God, greater understanding and years incarcerated, he has reduced his possibility of recidivism. Petitioner has realistic parole plans, which includes job offers, family support and a residence in California for parole. He has maintained close family ties while in prison by way of letters, visits and phone calls. He has maintained positive institutional behavior, which indicates significant and proven self-control. Petitioner does not have a single 115 rules violation, serious or otherwise, during his 15 years of incarceration.

He shows signs of remorse, he understands the nature and magnitude of

the offense. His Psychological and Life Prisoner Evaluations are positive of release on parole.

The Board's decision satisfies due process only if "some evidence supports the decision." See, <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, supra, 105 S.Ct. 2768, 2774; <u>Rosas v. Nielsen</u>, 428 F.3d 1229, 1232 (9th Cir. 2005) (per curiam).

Although the Board's decision is almost always based on citation to the commitment offense, the crime is never going to change and although the Board or Governor is "<u>initially justified</u>" in relying on the gravity of an inmate's commitment offense in denying parole, <u>Rosas</u>, supra, 428 F.3d at 1232-33; <u>Biggs</u>, supra, 334 F.3d at 916-17 "<u>continued reliance</u>" on unchanging factors, the <u>circumstances of the offense and conduct prior to imprisonment, runs contrary</u> to the rehabilitative goals espoused by the prison system and could result in a due process violation; <u>Irons v. Warden</u>, supra, 358 F.Supp.2d 936, 947 (E.D. Cal. 2005).

Petitioner further asserts that, the "some evidence" standard espoused by Hill, supra, <u>is not</u> the authority under California law. As life prisoners have a protected liberty interest. Under the holdings in <u>Jurasek v. Utah State Hospital</u>, 158 F.3d 506 (10th Cir. 1998), the state may confer more comprehensive due process protections upon its citizens than does the federal government.

Petitioner asserts that this is exactly what California Evidence Code §115 addresses, under "Preponderance of Evidence" standard, where it is stated that "<u>IF</u>" there is no evidence standard in a given situation the "preponderance of evidence" standard <u>shall</u> be applied. The United States Supreme Court in <u>Alabama v. Bozeman</u>, 121 S.Ct. 2079 (2001), held that, "As used in statutes, the word "shall" is ordinarily the language of command." Therefore, the state of California has conferred more, or a greater, evidence standard upon the

Board, by making the "minimum" evidence standard "preponderance of evidence", rather than that espoused in Hill, supra, i.e., "some evidence".

Hill, supra, derived the "some evidence" standard from Powell, supra, relating to a disciplinary hearing. Hill addresses, at page 2774, "requiring a modicum of evidence to support a decision to revoke good time credits." (Emphasis added).

Nonetheless, the State of California has, by Legislative intent, conferred more, or a greater, due process protection during parole suitability hearings under California Evidence Code §115 "Preponderance of Evidence" standard. Under the language of Evidence Code §115, Hill supra, cannot be applied to California inmate's at parole suitability hearings because of the "shall" language and the interpretation of "shall" by the U.S. Supreme Court's decision in Bozeman, supra.

Petitioner contends that, the Board's decisions are supposed to be based on a "preponderance of evidence" of parole suitability in the record. "Good cause" is the standard, (In re Powell, supra, 45 Cal.3d at 901; In re Brown, (1967) 67 Cal.2d 339, 342; In re McClain, (1960) 55 Cal.2d 78, 87; In re Caswell, (2001) 92 Cal.App.4th 1017, 1024, 1026; In re Clutchette, (1974) 39 Cal.App.3d 561, 565; In re Monzo, (1973) 33 Cal.App.3d 144, 147; Title 15, C.C.R. §2450, "good cause" being defined by the Board as "preponderance of evidence" that there is a factual basis and good reason for the decision made." (15 C.C.R. §2000(b)(49). (Emphasis added).

CONCLUSION

Petitioner asserts that, the Superior Court for Kern County, California, did not take into consideration Petitioner's habeas corpus petition, as not one issue was addressed by said Court in its "Ruling".

Petitioner requests that this Honorable Court review this appeal and address Petitioner's habeas corpus petition in full (Exhibit "G").

1
2    Petitioner continues to have a protected liberty interest under both
3    the State and Federal Due Process Clause in release on parole.
4                        Respectfully submitted,
5
6                        *Gary B. Luther*
7                        Gary B. Luther
8                              //
9                              //
10                             //
11
12                        DECLARATION
13    I, Gary B. Luther, declare under penalty of perjury that the foregoing
14    is true and correct, executed this *18* day of *September*, 2006, at Soledad
15    State Prison, County of Monterey, California.
16
17                        *Gary B. Luther*
18                        Gary B. Luther
19
20
21
22
23
24
25
26
27
28

Exhibit "G"